JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
THOMAS R. BUSS

**(b)** County of Residence of First Listed Plaintiff: **LANCASTER**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JOSEPH C. KORSAK, ESQ; 34 N. QUEEN ST, YORK, PA 17403

## DEFENDANTS
PENSKE LOGISTICS LLC

County of Residence of First Listed Defendant: **YORK**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- [x] 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 12112

Brief description of cause:
discrimination due to disability

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 1/25/21

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS R. BUSS,** | : | Civil Action No. |
| **Plaintiff** | : | |
| | : | |
| v. | : | Judge |
| | : | |
| **PENSKE LOGISTICS LLC** | : | |
| **Defendant** | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |

NOTICE OF LAWSUIT AND REQUEST
FOR WAIVER OF SERVICE OF SUMMONS

TO:

PENSKE LOGISTICS LLC
10 WINSHIP AVE.
YORK, PA 17408

A lawsuit has been commenced against you. A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Middle District and has been assigned docket number for this case is               .

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within thirty (30) days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the wavier is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from the date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

    I affirm that this request is being sent to you on behalf of the Plaintiff this 25TH day of January, 2021.

By: _____
Joseph C. Korsak, Esquire
34 North Queen Street
York, PA 17403
(717) 880-3759
I.D. No. 22233

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS R. BUSS, | : | Civil Action No. |
| Plaintiff | : | |
| | : | |
| v. | : | Judge |
| | : | |
| PENSKE LOGISTICS LLC | : | |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## WAIVER OF SERVICE OF SUMMONS

TO:  Joseph C. Korsak, Esquire
Attorney for Plaintiff
34 North Queen Street
York, PA 17403

I acknowledge receipt of your request that I waive service of a summons in this action, which is case number _____ in the United States District Court for the Middle District. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served upon you within sixty (60) days after _____ or within ninety (90) days after that date if the request was sent outside the United States.

Date:_____          By: _____
                                   PENSKE LOGISTICS LLC


Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A Defendant located in the United States who, after being notified of an action and asked by a Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A Defendant who waives service must within the time specified on the waiver form serve on the Plaintiff's attorney a response to the Complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that Defendant. By waiving service, a Defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS R. BUSS,<br>　　　　Plaintiff | : | Civil Action No. |
| | : | |
| v. | : | Judge |
| | : | |
| PENSKE LOGISTICS LLC<br>　　　　Defendant | : | **JURY TRIAL DEMANDED** |

# COMPLAINT

To the Honorable Judges of the United States District Court for the Middle District of Pennsylvania:

**COMES NOW**, the Plaintiff, Thomas R. Buss, by and through his attorney, the Law Office of Joseph C. Korsak, and files the instant Complaint asserting as follows:

I. **Preliminary Statement**

1. Thomas R. Buss, (hereinafter "Plaintiff"), brings this action pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., as amended, and the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951, et seq., as amended, for discrimination based upon a disability and the failure to accommodate same. Mr. Buss seeks compensatory damages and other employment benefits which

he lost as a result of Defendant's illegal actions, punitive damages, counsel fees, and costs.

II. **Jurisdiction**

2. Jurisdiction of the Court over the Plaintiff's federal question claims is invoked pursuant to 28 U.S.C. § 1337; the Court's supplemental jurisdiction with respect to the claims arising under the PHRA is authorized by 28 U.S.C.A. § 1367. Jurisdiction is predicated upon Section 102 of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112.
3. Jurisdiction is further predicated upon 28 U.S.C. § 1331 and 1343(4). The court has pendent jurisdiction of the state law based claim.
4. Plaintiff filed timely charges with the PHRC, alleging that Defendant unlawfully discriminated against her in violation of the PHRA, and that such unlawful conduct was occurring on a continuous basis.
5. The EEOC, pursuant to its work sharing agreement with the PHRC, held Plaintiff's complaint in abeyance pending the outcome of the PHRC investigation.
6. The U.S. Department of Justice granted Plaintiff a Notice of Right to Sue upon his request as did the Pennsylvania Human Relations Commission.
7. This action has been filed within ninety (90) days of receipt of the Notice of Right to Sue.
8. Venue is appropriate under 28 U.S.C. §1391(b) (1) and (2) in that all events relevant to the discriminatory acts took place in York County, Pennsylvania.

III. **Parties**

9. Plaintiff, Thomas R. Buss, was and is a citizen of the United States and the Commonwealth of Pennsylvania who resides and is domiciled

at 316 Barberry Drive, Lancaster, PA. 17601.

10. Defendant Penske Logistics LLC is believed to be a Delaware limited liability company duly organized and chartered under the laws of the Delaware, operating in Pennsylvania as a foreign entity doing business in the Commonwealth of Pennsylvania, having its principal place of business at Route 10 Green Hills, Box 583, Reading PA. Penske Logistics LLC maintains offices within the Middle District such as one at 10 Winship Rd., York, Pa 17406, the place at which the discriminatory conduct took place.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff was a full time truck driving employee of the Defendant.
12. Plaintiff was and is a qualified individual with a disability, having been diagnosed with unspecified anxiety disorder, generalized anxiety disorder, attention deficit disorder with hyperactivity; to wit, Plaintiff was phobic about being photographed or having his actions be recorded.
13. The Defendant had copies of all of Plaintiff's medical records and knew or should have known of same.
14. Some time in 2018, the Defendant announced that it was placing inward facing recording cameras in the cabs of all Penske Trucks.
15. Plaintiff's reaction to this was an increase in anxiety, sweating, elevated heart beat, and caused lack of concentration.
16. Plaintiff, with a reasonable accommodation, was able to perform services for the employer.
17. Plaintiff simply asked, among other things, that the camera not be focused on him.

18. Plaintiff, with or without a reasonable accommodation, could perform the essential functions of his job.
19. Despite repeated requests for accommodations, the Defendant refused to make any accommodation to Plaintiff's disability.
20. Defendant subsequently terminated Plaintiff's employment, refusing to offer any accommodation.
21. Plaintiff was at all times an employee of Defendant until he was terminated from his position, an action taken under false pretenses.

V. **Statement of Claims**

### COUNT 1 ADA DISCRIMINATION

22. The allegations set forth in Paragraphs 1-21 are restated and incorporated by reference herein.
23. Under the ADA, prohibited discrimination includes:

"not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity."  42 U.S.C.§ 12112(b)(5).

24. Plaintiff is a qualified individual with a disability.
25. Plaintiff has a record of a disability within the meaning of the ADA.
26. Defendant regarded Plaintiff as disabled within the meaning of the ADA.
27. Plaintiff was a qualified individual under the ADA because he could perform his essential job functions with or without reasonable accommodation. 42 U.S.C. § 12111(8).
28. Defendant was a covered employer under the ADA, as it employed more than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. Id. at § 12111(5).
29. Plaintiff was and is substantially limited in the major life activities of speaking, communicating, concentrating, thinking, and interacting with others, as well as in the major bodily functions of the brain and neurological system.
30. Defendant's disparate treatment of Plaintiff and refusal to accommodate him was knowing, intentional, unreasonable and unlawful.
31. It was not an undue hardship for Defendant to accommodate Plaintiff in his position, nor was there any legitimate nondiscriminatory reason for Defendant to treat Plaintiff differently and less favorably in his terms, conditions, rights and privileges of employment, in comparison with those who are not disabled within the meaning of the statutes, and/or in comparison with those who did not request reasonable accommodation, or engage in other protected oppositional and/or participational activity.
32. Defendant's failure to accommodate Plaintiff, failure to engage

Plaintiff in the interactive process, and disparate treatment of Plaintiff violates the ADA.

33. Defendant acted with reckless disregard of the rights of Plaintiff to be free from discrimination and harassment, and his right to be provided a reasonable accommodation, because of his disability.

34. Plaintiff has suffered tangible and intangible losses resulting from Defendant's violation of the law, in excess of $100,000.00.

35. Plaintiff is entitled to lost wages and benefits unlawfully denied, plus prejudgment interest, compensatory damages, the recovery of his reasonable legal fees and costs, and all other appropriate legal and equitable relief, including wage adjustment and recovery of out-of-pocket expenses he incurred due to the discrimination by Defendant in order to make him whole as required under the statutes.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant and all persons in active concert or participation with it from engaging in any employment practice against Plaintiff which violates the public policy of nondiscrimination embodied in the ADA and the PHRA.

B. Order Defendant to make whole Plaintiff, (1) by restoring his present salary to the point where it would have been but for the discrimination and retaliation, (2) paying appropriate back pay with prejudgment interest, liquidated damages and/or other affirmative relief necessary to eradicate the effects of its unlawful employment actions and practices.

C. Order Defendant to pay compensatory damages to Plaintiff in an

      amount to reasonably compensate Plaintiff for his pecuniary and non-pecuniary losses for emotional pain, suffering and loss of enjoyment of life, to be determined at trial.

D.   Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiff.

E.   Order Defendant to pay front pay to Plaintiff to offset any future economic losses caused or contributed to by the discrimination and retaliation against Plaintiff.

F.   Order Defendants to pay Plaintiff an additional amount to offset, to the greatest extent possible, the negative tax consequences of receiving the award of damages in a single tax-year, in order to effectuate the congressional intent expressed in the statutes, of securing to victims of discrimination make-whole relief.

G.   Grant such further relief as the Court deems necessary and proper, including punitive damages.

## COUNT 2   Pa HRA DISCRIMINATION

36. The averments of clauses 1-35 above are incorporated by reference.
37. Defendant's failure to accommodate Plaintiff, failure to engage Plaintiff in the interactive process, and disparate treatment of Plaintiff violates the PHRA.

      WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant and all persons in active concert or participation with it from engaging in any employment practice against Plaintiff which violates the public policy of nondiscrimination embodied in the ADA and the PHRA.

B. Order Defendant to make whole Plaintiff, (1) by restoring his present salary to the point where it would have been but for the discrimination and retaliation, (2) paying appropriate back pay with prejudgment interest, liquidated damages and/or other affirmative relief necessary to eradicate the effects of its unlawful employment actions and practices.

C. Order Defendant to pay compensatory damages to Plaintiff in an amount to reasonably compensate Plaintiff for his pecuniary and non-pecuniary losses for emotional pain, suffering and loss of enjoyment of life, to be determined at trial.

D. Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiff.

E. Order Defendant to pay front pay to Plaintiff to offset any future economic losses caused or contributed to by the discrimination and retaliation against Plaintiff.

F. Order Defendant to pay Plaintiff an additional amount to offset, to the greatest extent possible, the negative tax consequences of receiving the award of damages in a single tax-year, in order to effectuate the congressional intent expressed in the statutes, of securing to victims of discrimination make-whole relief.

G. Grant such further relief as the Court deems necessary and proper, including punitive damages.

## COUNT 3  RETALIATION  PaHRC AND ADA

38. The averments of clauses 1-37 above are incorporated by reference.
39. Plaintiff informed Defendant that he was filing a claim through the Pennsylvania Human Relations Commission.
40. Subsequent thereto, Defendant indicated that it would not provide any accommodation.
41. Subsequent thereto, Plaintiff learned that he had been terminated from employment ostensibly because he had not revealed his prior medication record with the employer.
42. Plaintiff had fully disclosed his medication history to all interested parties.
43. Plaintiff avers and believes that this conduct was a direct result of his indication that he sought the assistance of the Pennsylvania Human Relations Commission.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant and all persons in active concert or participation with it from engaging in any employment practice against Plaintiff which violates the public policy of nondiscrimination embodied in the PHRA and the ADA.
B. Order Defendant to make whole Plaintiff, (1) by restoring his present salary to the point where it would have been but for the discrimination and retaliation, (2) paying appropriate back pay with prejudgment interest, liquidated damages and/or other affirmative relief necessary to eradicate the effects of its unlawful employment

      actions and practices.

C.   Order Defendant to pay compensatory damages to Plaintiff in an amount to reasonably compensate Plaintiff for his pecuniary and non-pecuniary losses for emotional pain, suffering and loss of enjoyment of life, to be determined at trial.

D.   Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiff.

E.   Order Defendant to pay front pay to Plaintiff to offset any future economic losses caused or contributed to by the discrimination and retaliation against Plaintiff.

F.   Order Defendants to pay Plaintiff an additional amount to offset, to the greatest extent possible, the negative tax consequences of receiving the award of damages in a single tax-year, in order to effectuate the congressional intent expressed in the statutes, of securing to victims of discrimination make-whole relief.

G.   Grant such further relief as the Court deems necessary and proper, including punitive damages.

END OF COMPLAINT

Respectfully Submitted,

LAW OFFICE JOSEPH C. KORSAK

Date: 1/25/21         By:      ___/s/_____
                                  Joseph C. Korsak, Esquire
                                  Supreme Court Id: 22233
                                  34 North Queen Street
                                  York, PA 17403
                                  Telephone: (717)880-3759
                                  Email: josephckorsak@gmail.com

## CERTIFICATION OF SERVICE

The undersigned certifies that two copies of this complaint and the service waivers were served upon the Defendant by ordinary mail on 1/25/21.

Date: 1/25/21

/s/ _____
Joseph C. Korsak, Esq.