IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS R. BUSS,** | : | Civil Action No. 1:21-cv-00139 |
| Plaintiff | : | |
| | : | |
| v. | : | Judge Wilson |
| | : | |
| **PENSKE LOGISTICS LLC** | : | |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |

BRI3EF IN SUPPORT OF MOTION TO COMPEL ADHERENCE
TO A SETTLEMENT AGREEMENT

PROCEDURAL HISTORY

    This matter was ready for final pre-trial matters in November, 2022. Judge Wilson then committed the matter to Magistrate Judge Carlson who issued his recommendation in March, 2023.

## STATEMENT OF FACTS

The parties exchanged settlement demands and offers for a number of months prior to Judge Carlson's involvement. On November 17, 2022, Plaintiff made a demand for $85,000.00. (Exh A) Plaintiff made a point to make all demands time limited. Plaintiff's lost wages were in excess of $125,000.00 so Plaintiff was clearly motivated to resolve the matter by demanding $85,000.00.

On November 21, 2022, the defendant countered at $24,000.00. Unlike Plaintiff's demand, which included a "drop dead" date, the defendant's was unconditional and not subject to time limitations. ( Exh A) Plaintiff did not accept or reject at that time but requested a principled explanation for the sum offered. No response was forthcoming. The defendant never wrote further to withdraw its offer.

On March 7, 2023, Plaintiff accepted the offer. Plaintiff responded " That offer is no longer on the table. There is no agreement".

## QUESTION PRESENTED

May a party withdraw an unconditional offer of settlement after it has been accepted by the opposing party?

## ARGUMENT

A trial court has the authority to enforce, on motion, a settlement agreement entered into by litigants while litigation is pending. *Berger v. Grace Line, Inc.*, 343 F. Supp. 755, 756, 1971 U.S. Dist. LEXIS 10575.

In order to determine whether the settlement agreement, which resolved the first action and was found enforceable by the court, is valid, the court must construe the agreement pursuant to the traditional principles of contract law. See *Wilcher v. City of Wilmington*, 139 F.3d 366, 372 (3d Cir. 1998). Accordingly, Pennsylvania contract law applies to this issue. See *Nice v. Centennial Area School Dist.*, 98 F. Supp. 2d 665, 668 (E.D. Pa. 2000) (determining that where federal law does not establish a rule of decision and where state law is well-developed and will not impinge on a local interest, the court may "borrow" state law to fill the gap in the federal statutory scheme). *Guiles v. Metro. Life Ins. Co*, 2001 U.S. Dist. LEXIS 18559, 2001 WL 1454041.

Where an offer does not specify an expiration date or otherwise limit the allowable time for acceptance, it is both hornbook law and well-established in Pennsylvania that the offer is deemed to be outstanding for a reasonable period of time. *Textron, Inc. v. Froelich*, 223 Pa. Super. 506, 302 A.2d 426 (1973); *Boyd v. Merchants and Farmers Peanut Co.*, 25 [Pa. Super.] 199 (1904); Murray, Murray on Contracts 60-61 (2d ed. 1974); Restatement (Second) Contracts Section 41 (1981). In *Textron,* a five week delay was not deemed to interfere with a settlement. In *Harris v. Roberts*, 2007 PA. Ct. Comm. Pl. LEXIS 325, The offer was made on November 5 but accepted December 27. The settlement was enforced.

Where the evidence is clear, where there is no ambiguity giving rise to the use of parol evidence, the Court may make the determination of reasonableness as a matter of law. In *Chung v. Choi*, 2008 U.S. Dist. LEXIS 63180, 2008 WL 3852237, the Court held as a matter of law that a one year lapse between offer and acceptance voided the offer. In Buss, the delay was for a few weeks, not long enough of a period of time to void an offer of settlement.

Respectfully Submitted,

**LAW OFFICE JOSEPH C. KORSAK**

Date: 3/10/23    By: _____

Joseph C. Korsak, Esquire
Supreme Court Id: 22233
34 North Queen Street
York, PA 17403
Telephone: (717)880-3759
Email: josephckorsak@gmail.com

## CERTIFICATION OF SERVICE

The undersigned certifies that the within was served upon the Defendant by email mail on 3/10/23.

Date: 3/10/23 \_\_\_\_\_/s/_____
Joseph C. Korsak, Esq.