# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS R. BUSS, | : | Civil Action No. 1:21-cv-00139 |
| Plaintiff | : | |
| | : | |
| v. | : | Judge Jennifer Wilson |
| | : | |
| | : | JURY TRIAL DEMANDED |
| PENSKE LOGISTICS LLC | : | |
| Defendant | : | |

### PLAINTIFF'S REPLY BRIEF TO DEFENDANT'S BRIEF IN OPPOSITION TO MOTION TO ADHERE TO SETTLEMENT AGREEMENT

1. THE DEFENDANT'S BRIEF SHOULD BE STRICKEN FOR FAILURE TO COMPLY WITH LOCAL RULES

The Middle District local rules Indicate that if a Counter Statement of Questions involved is not filed by the opposition, that the moving

party's statement is deemed adopted.   LR 7.8  The Defendant neglected to list a Counter Statement of Questions Involved and therefore the statement of the moving party is adopted. The Defendant has not framed an argument contrary to Plaintiff's statement and must therefore be deemed to admit Plaintiff's argument.

2. THE PARTIES WERE SUFFICIENTLY SPECIFIC IN SETTING FORTH THE TERMS OF A SETTLEMENT.

If it was the intention of the parties to suggest that settlement would require a formal, more detailed written agreement, there is nothing in the evidence before the Court suggesting that either party desired one. *California Sun Tanning USA, Inc. v. Electric Beach, Inc.*, 369 Fed. Appx. 340 (unpub. 2010); ( Hon. John E. Jones III sitting by designation of the Third Circuit Court of Appeals). In *California Sun*, Judge Jones also rejected the argument that some important provisions were left out as a result of a party's "mistaken belief" so as to vitiate    the agreement of the parties.

Buss' next previous demand specified an amount and also requested reimbursement of costs. Buss' demands always included a condition that the terms must be accepted on or before a specific date or it would be considered withdrawn.  This seems sufficiently specific on its face.  The Defendant was free to use such a provision in its own offer.

Defendant's response is interesting at two levels.  First, a specific sum was recited (and clearly the costs provisions of Plaintiff's previous offer were being relinquished).  Secondly, Plaintiff's counsel then asked for an explanation justifying that amount. Plaintiff waited in vain for a

response that Ms. Barrett may have had to that question. After a few weeks passed without the courtesy of a response, Counsel then approached his client as to the propriety of accepting the $24,000.00 offer. The client agreed so the offer was accepted. Ms. Barrett chose to make an offer of a relatively small amount, choosing to leave out some aspects of a settlement one might expect, like a no hire in the future provision. This was her choice. She had weeks to add whatever additional provisions she might need to protect her client.

It is interesting that Plaintiff chooses to cite *Saza v. Zota*, 2012 U.S. Dist. LEXIS 19920 in its brief. There, the defendant attempted to disregard an agreement by asserting that the "settlement was always contingent upon resolution of the pending claims against other Defendants". The Court there held the settlement agreement to be enforceable, even if other anticipated provisions were not addressed.

3. THE DEFENDANT CANNOT REVOKE ITS OFFER
    .

A 'Settlement Agreement is still binding, even if it is clear that a party had a change of heart between the time [she] agreed to the terms of the settlement and when those terms were reduced to writing.' (quoting *McCune v. First Judicial Dist. of Pa. Prob. Dep't.*, 99 F. Supp. 2d 565, 2000 WL 680819, at *1 (E.D. Pa. 2000). *Collins v. Philadelphia*, 2008 U.S. Dist. LEXIS 137872, *8, 2008 WL 11513244.

The present case is described on page 2 of Defendant's brief. After the offer was accepted, the Defendant stated " that the offer is no longer

on the table. There is no agreement". The Defendant never indicated the offer as being no longer on the table until after the offer was accepted. In order to constitute a contract there must be an offer on one side and an unconditional acceptance on the other. *Rich v. G. W. Pifer Sons*, 100 Pa. Super. 483, 487, 1930 Pa. Super. LEXIS 100. If the offer be accepted before notice of its withdrawal, the bargain is struck -- there is an agreement founded on mutual assent. *Adams v. Lindsell*, 1 Barn. & Ald. 681; 1 Pars. on Con. 484; Chitty on Con. Any offer without consideration may be withdrawn at any time before acceptance; and an offer which in its terms limits the time of acceptance is withdrawn by the expiration of the time." *Waterman v. Banks*, 144 U.S. 394, 402, 12 S. Ct. 646, 648, 36 L. Ed. 479, 483, 1892 U.S. LEXIS 2084.

But if the offer be accepted without conditions, and without varying its terms, and the acceptance be communicated to the other party without'unreasonable delay, a contract arises, from which neither party can withdraw at pleasure. *Ryan v. United States*, 136 U.S. 68, 85, 10 S. Ct.913, 919, 34 L. Ed. 447, 454, 1890 U.S. LEXIS 2200.

4. CONCLUSION

Plaintiff'S acceptance of a offer of a settlement was exercised reasonably by Plaintiff. Plaintiff was waiting for a letter from the Defendant justifying the sum offered. Plaintiff thereafter acted by accepting the settlement. If there was delay, it was caused by Defendant's blase attitude in ignoring opposing counsel's letter.

If the Defendant truly believed that there was not an offer on the table, then why would their counsel feel it necessary to withdraw it?
Judgment should be entered in favor of Plaintiff.

Respectfully submitted,


\_\_\_/s/_____
Joseph C. Korsak, Esq.
34 N. Queen St.
York, Pennsylvania 17403
717-880-3759
Sup Ct 22233
josephckorsak@gmail.com
4/4/23

# CERTIFICATION OF SERVICE

The undersigned certifies that a copy of the attached brief was served upon the Defendant by email mail on 4/4/23.

Date: 4/4/23                          ___/s/_____
                                                       Joseph C. Korsak, Esq.