IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS R. BUSS, | : | Civil No. 1:21-CV-00139 |
| Plaintiff, | : | |
| v. | : | |
| PENKSE LOGISTICS LLC, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## ORDER

Before the court is the report and recommendation of United States Magistrate Judge Martin C. Carlson recommending that Defendant's motion for summary judgment be granted. (Doc. 72.) Specifically, Judge Carlson concludes that there are no genuine issues of material fact exist regarding Plaintiff's ADA discrimination and retaliation claim because Buss was terminated for a legitimate reason, and Penkse is entitled to judgment as a matter of law. (*Id.*)

Plaintiff filed objections to the report and recommendation, which Defendant has briefed in opposition. (Docs. 92, 93.) A careful review of the objections shows that Plaintiff objects generally to the report and recommendation by rearguing many of the arguments set forth in Plaintiff's brief in opposition to the motion for summary judgment and disagreeing with Judge Carlson's recitation of the facts of record. (*Compare* Doc. 92 *with* Doc. 76.)

1

Besides rearguing the merits of the summary judgment motion and raising a general objection to Judge Carlson's application of the summary judgment standard, Plaintiff objects to three cases cited by Judge Carlson in a footnote in order to support the conclusion that Plaintiff was terminated for a legitimate reason. (Doc. 83, p. 21 n.3.)[1] Plaintiff states that these cases are distinguishable from the case at hand because they all involved an employee who was laid off after an official diagnosis of a substance abuse problem. (Doc. 92, pp. 4–5.) While this is true, Judge Carlson's analysis of the ADA discrimination claim does not rely on these cases at all. Having reviewed Judge Carlson's analysis, this court finds that the analysis would not be changed even if the footnote were omitted. Plaintiff does not specifically object to any conclusion Judge Carlson reached. Accordingly, to the extent this is an objection, it is overruled.

Ultimately, Plaintiff's objections simply show a disagreement with Judge Carlson's analysis and conclusions in the report and recommendation. When a party raises only general objections to a report and recommendation, a district court is not required to conduct a de novo review of the report and recommendation. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." *Id.* at 6.

---

[1] For ease of reference, the court utilizes the page numbers contained in the CM/ECF header.

Thus, when reviewing general objections to a report and recommendation, the court's review is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-CV-00850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009).

The court has reviewed Judge Carlson's report and recommendation and finds no clear error or manifest injustice on the face of the record. Plaintiff's objections merely express disagreement with Judge Carlson's analysis and attempt to rehash or restate arguments already considered and rejected by Judge Carlson in the thorough report and recommendation. Accordingly, **IT IS ORDERED THAT**:

1) The report and recommendation, Doc. 83, is **ADOPTED**;
2) Defendant's motion for summary judgment, Doc. 72, is **GRANTED**;
3) Judgment shall be entered in favor of Defendant;
4) The Clerk of Court shall enter judgment and close this case.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated:  December 7, 2023